**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**MINNEAPOLIS**

**CASE NO.:**

LAURIE RUBIN,

Plaintiff,

v.

RESOLUTION MEDICAL LLC,

Defendant.

## COMPLAINT FOR COPYRIGHT INFRINGEMENT
### (INJUNCTIVE RELIEF DEMANDED)

Plaintiff LAURIE RUBIN by and through her undersigned counsel, brings this Complaint against Defendant RESOLUTION MEDICAL LLC for damages and injunctive relief, and in support thereof states as follows:

### SUMMARY OF THE ACTION

1.     Plaintiff LAURIE RUBIN ("Rubin") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Rubin's original copyrighted Work of authorship.

2.     Rubin discovered photography at an early age after being gifted a Kodak Brownie 620 from her aunt and uncle.  Her passion for art and photography grew with her and she won the cover of her high school arts journal, enrolled in R.I.T., and accepted a summer fellowship at Penland in North Carolina.  Rubin began freelancing in New York for magazine jobs, spot illustrations and collages for Condé Nast. Rubin has exhibited at Zolla/Lieberman Gallery, Catherine Edleman Gallery, Judy Saslow Gallery and the Libreria Galleria il Museo del Louvre in Rome.  Her clients include Kellogg's, Quaker, Albert Culver, Ace Hardware, Lowes, General

Mills, Target, Nieman Marcus, Home Depot, Kraft Foods, Ralston Purina, and Kodak. Rubin also holds workshops for Kodak, APA, Santa Fe Photo Workshop and Polaroid.

3.  Defendant RESOLUTION MEDICAL LLC ("Defendant") has been a leading medical device manufacturing company for over a decade. At all times relevant herein, Defendant owned and operated the Linkedin Account located at the URL https://www.linkedin.com/company/resolution-medical-llc/ (the "Linkedin Account").

4.  Rubin alleges that Defendant copied Rubin's copyrighted Work from the internet in order to advertise, market and promote its business activities.

## JURISDICTION AND VENUE

5.  This is an action arising under the Copyright Act, 17 U.S.C. §§ 501.

6.  This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7.  Defendant is subject to personal jurisdiction in Minnesota.

8.  Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendant engaged in infringement in this district, Defendant resides in this district, and Defendant is subject to personal jurisdiction in this district.

## DEFENDANT

9.  Defendant is a Minnesota Limited Liability Company, with its principal place of business at 42 Northern Stacks Drive, Suite 200, Minneapolis, Minnesota, 55421, and can be served by serving its Registered Agent, Pete Herman, at the same address.

## THE COPYRIGHTED WORK AT ISSUE

10.  In 2013, Rubin created the photograph entitled "130314_2245_wakenose.37," which is shown below and referred to herein as the "Work."

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS



11.     Rubin registered the Work with the Register of Copyrights on June 13, 2013, as part of an unpublished collection of photographs.  The photographs included in the deposit materials were assigned registration number VAu 1-135-788.  The Certificate of Registration is attached hereto as **Exhibit 1**.

12.     Rubin published the Work on May, 2013, in the print issue of Smithsonian Magazine, which is the official journal published by the Smithsonian Institution in Washington, D.C.

13.     Rubin's Work is protected by copyright but was not otherwise confidential, proprietary, or trade secrets. The Work in perspective, orientation, positioning, lighting, and other details is entirely original and creative. As such, the Work qualifies as subject matter protectable under the Copyright Act.

14.     At all relevant times Rubin was the owner of the copyrighted Work.

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

**INFRINGEMENT BY DEFENDANT**

15.    Defendant has never been licensed to use the Work at issue in this action for any purpose.

16.    On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendant copied the Work.

17.    On or about April 24, 2023, Rubin discovered the unauthorized use of her Work on the LinkedIn Account for a post regarding the effects 3D printing is having on the healthcare industry.

18.    Defendant copied Rubin's copyrighted Work without Rubin's permission or authority.

19.    After Defendant copied the Work, Defendant made further copies and distributed the Work on the internet to promote and advertise the sale of its medical manufacturing business.

20.    Defendant committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

21.    Rubin never gave Defendant permission or authority to copy, distribute or display the Work.

22.    Rubin notified Defendant of the allegations set forth herein on June 1, 2023, and June 16, 2023, December 2, 2024, December 16, 2024, December 20, 2024, December 30, 2024, and January 23, 2025.  To date, Defendant refuses participate in discussions to resolve this matter outside of litigation.

COUNT I
**COPYRIGHT INFRINGEMENT**

23.    Rubin incorporates the allegations of paragraphs 1 through 22 of this Complaint as if fully set forth herein.

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

24.     Rubin owns a valid copyright in the Work.

25.     Rubin registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

26.     Defendant copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Rubin's authorization in violation of 17 U.S.C. § 501.

27.     Defendant performed the acts alleged in the course and scope of its business activities.

28.     Defendant's acts were willful.

29.     Rubin has been damaged.

30.     The harm caused to Rubin has been irreparable.

WHEREFORE, Plaintiff LAURIE RUBIN prays for judgment against Defendant RESOLUTION MEDICAL LLC that:

a.     Defendant and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b.     Defendant be required to pay Rubin her actual damages and Defendant's profits attributable to the infringement, or, at Rubin's election, statutory damages, as provided in 17 U.S.C. § 504;

c.     Rubin be awarded her attorneys' fees and costs of suit under the applicable statutes sued upon;

d.     Rubin be awarded pre- and post-judgment interest; and

e.     Rubin be awarded such other and further relief as the Court deems just and proper.

5

**SRIPLAW**

CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

## JURY DEMAND

Rubin hereby demands a trial by jury of all issues so triable.

Dated: April 8, 2026                Respectfully submitted,

*/s/ H. Alan Kantrud*
H. ALAN KANTRUD
MN Attorney ID: 0281086
hakantrud@protonmail.com

P.O. Box 515
Willernie, MN 55090
612.743.4242 – Telephone

*Counsel for Plaintiff Laurie Rubin*

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS